UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN PANGELINAN,<br><br>                             Plaintiff,<br><br>v.<br><br>AZTEC CONTRACTORS, INC.,<br><br>                             Defendant. | Case No.: 3:15-cv-01730<br><br>**ORDER DENYING PLAINTIFF'S MOTION [Doc. 26] FOR ENTRY OF PARTIAL JUDGMENT** |

Pending before this Court is Plaintiff Allen Pangelinan's ("Plaintiff") motion for entry of partial judgment under Federal Rule of Civil Procedure 54(b). The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **DENIES** Plaintiff's motion.

//
//
//
//
//
//
//
//

## I. BACKGROUND

On August 28, 2014, Plaintiff attended his son's graduation from boot camp at the Marine Corps Recruit Depot in San Diego ("MCRD"). While attending, Plaintiff sought shade underneath a palm tree. A large piece of the tree, weighing five to six pounds, fell onto his neck and right shoulder, causing him injury. On October 14, 2014, Plaintiff filed a claim with the United States Marine Corps seeking compensation for his injury. The Marine Corps denied this claim on February 5, 2015. Subsequently, on August 4, 2015, Plaintiff filed a Complaint [Doc. 1] with this Court. On April 11, 2016, the Court granted Defendants' first Motion to Dismiss [Doc. 4] Plaintiff's Complaint, allowing leave to amend. On June 9, 2016, Plaintiff filed a First Amended Complaint ("FAC") [Doc. 15] containing two causes of action. The first cause of action alleged negligence on a premises liability theory against Defendant United States. The second cause of action alleges negligence against Defendant Aztec Contractors, Inc., a business entity contracted by Defendant United States to maintain the trees on its property. On December 2, 2016, the Court granted Defendant United States' ("Defendant") second Motion to Dismiss [Doc. 16] with prejudice. Plaintiff now moves unopposed for an entry of final judgment pursuant to Rule 54(b) on their first cause of action against Defendant United States. (See Mot. [Doc. 26].)

## II. LEGAL STANDARD

Under Rule 54(b), in an action presenting more than one claim for relief or involving multiple parties, "the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if it expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). As a general

matter, partial judgment under Rule 54(b) is inappropriate where the claims stem from the same transaction or occurrence. *Wood v. GCC Bend, LLC.*, 422 F.3d 873, 879 (9th Cir. 2005).

I. **DISCUSSION**

Plaintiff contends that the Court should direct an entry of final judgment on the dismissed claim. Plaintiff's argues that, should this Court's dismissal of the first cause of action later get reversed, there would be unnecessary duplication of work product because "Plaintiff anticipates a number of motions and discovery which will be relevant to [both causes of action]." (Mot. 3:17–18.) The problem with this argument is that it actually favors denial of Plaintiff's motion. Because the dismissed cause of action and the pending cause of action allege similar claims based on the same incident, allowing Plaintiff to appeal the partial dismissal now would likely require the Ninth Circuit to review the same facts and issues in a later appeal taken by whichever party ultimately loses on the remaining claim. Accordingly, the Court finds that Plaintiff has failed to demonstrate that there is no just reason for delay.

II. **CONCLUSION AND ORDER**

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for entry of partial judgment.

**IT IS SO ORDERED.**

Dated: May 18, 2017

Hon. M. James Lorenz
United States District Judge